UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| STATE OF NEVADA, | Case No. 3:18-cv-569-MMD-CBC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES; *et al.,* | |
| Defendants. | |

Defendant United States of America ("government") on behalf of all Defendants moves for a stay of Plaintiff State of Nevada's motion for preliminary injunction ("PI Motion") (ECF No. 2) ("Motion"). (ECF No. 20 at 2.) The government contends that this action must be stayed due to the recent lapse of funds to the Department of Justice ("DOJ") because under 31 U.S.C. § 1342 DOJ attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." *See* 31 U.S.C. § 1342. The State of Nevada ("state") opposes the Motion. (ECF No. 21.) For the reasons below, the Court will deny the Motion.

The Court finds that granting the requested stay would be inappropriate given the urgency of the matter before the Court. This is not the run of the mill case. The state has sought preliminary injunctive relief because the government proposes to ship by trucks one metric ton of plutonium from a Savannah River Site in South Carolina to the Nevada National Security Site ("NNSS") located approximately 90 miles northwest of Las Vegas. (ECF No. 1 at 2–3; ECF No. 2.) The state contends that the proposed action will result in

increased radiation doses to Nevada citizens and would, in some circumstances, lead to contamination of the state's lands and groundwater with radioactive materials. (ECF No. 1 at 6.) The state further asserts that "[l]acking any assurance against the imminent risk, Nevada (and this Court) must assume that the shipments could reach Nevada any day now." (ECF No. 2 at 9.)

The Court has set a hearing on the state's PI Motion for January 17, 2019. (ECF No. 19.) The state argues that with the present Motion the government seeks to indefinitely stay the scheduled hearing without providing any assurance to the state that it will not begin its plutonium shipments to NNSS before this Court renders a decision on the PI Motion. (ECF No. 21 at 4–7; *see also* ECF No. 21-1 at 4, ECF No. 21-2.)

The Court finds the state's contentions persuasive and will deny the Motion in light of the alleged irreparable harm and the government's refusal to assure that it will not proceed with the asserted harmful conduct before the PI Motion is resolved. *See, e.g.*, *Priests for Life v. U.S. Dep't of Health and Human Servs.*, 2013 WL 5572730, at *1 (D.D.C. Oct. 2, 2013) (declining the DOJ's requested stay after a lapse of appropriations because "in light of the irreparable harm alleged, the impending time sensitive mandate, and defendants' refusal to delay enforcement of the mandate as to the plaintiffs in this case, the Court finds that an indefinite stay would be incompatible with the fair administration of justice"). Moreover, granting a stay here is likely to prejudice the state in exercising its vested interest in protecting its residents and lands by having this Court proceed with the scheduled hearing regarding the impending transport of plutonium. *See, e.g.*, *Native Songbird Care & Conservation v. Foxx*, 2013 WL 5609320, at *3 n.3 (N.D. Cal. Oct. 11, 2013) ("Given the fact that time is of the essence in this case, and the fact that an indefinite stay could potentially prejudice Plaintiffs, the Court will not stay this case because of the lapse of appropriations."). The government has not argued that it would be likewise prejudiced if this Court denies its Motion.

///

///

It is therefore ordered that the government's motion to stay (ECF No. 20) on behalf of all Defendants is denied.[1]

DATED THIS 2nd day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] This order does not preclude the parties for further conferring with each other about a possible stay of this matter on agreeable terms that would accommodate the DOJ's limitations on its attorneys' professional obligations and the state's concern that the first shipment would occur during the stay.

3