UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STATE OF NEVADA,<br><br>              Plaintiff,<br>v.<br>UNITED STATES; *et al.*,<br><br>              Defendants. | Case No. 3:18-cv-569-MMD-CBC<br><br>ORDER |

The Court denied Plaintiff the State of Nevada's ("Nevada") motion for preliminary injunction, which sought to enjoin any shipment of plutonium from the Savannah River Site ("SRS") in South Carolina to the Nevada National Security Site ("NNSS") ("PI Motion"). (ECF No. 62.) Nevada has appealed that order as is its right. (ECF No. 65.) In addition, Nevada has filed a motion for preliminary injunction pending its appeal ("PI Appeal Motion"), asking the Court to enjoin "the DOE from shipping any plutonium to Nevada" until its appeal is resolved. (ECF No. 69 at 3.) Because the Government[1] has affirmatively represented that it does not plan to ship any plutonium from SRS to NNSS as part of the challenged proposed action in the applicable supplemental analysis, the Court will deny the PI Appeal Motion (ECF No. 69) as moot.

Nevada filed this lawsuit to challenge the Government's proposed action to transport from SRS one metric ton of defense-grade plutonium for staging at NNSS and/or the Pantex Plant in Carson County, Texas ("Pantex") before shipment to Los Alamos

///

---

[1] Here, Nevada sues the Department of Energy ("DOE"), the United States Secretary of Energy, Rick Perry, in his official capacity, and the National Nuclear Security Administration ("NNSA") and its administrator, Undersecretary for Nuclear Security, Lisa E. Gordon, in her official capacity. (ECF No. 1 at 4.) These Defendants are collectively referred to as "the Government."

National Laboratory ("LANL") in Los Alamos, New Mexico ("Proposed Action")[2] without a supplemental environmental impact statement ("EIS"). (ECF No. 1; ECF No. 27-3 (DOE/NNSA's Supplement Analysis) at 9, 23.) The Government evaluated safety and security issues relating to the Proposed Action in a DOE/NNSA Supplemental Analysis ("SA"), which relied upon prior EISs concerning these matters. (*See* ECF No. 62 (discussing the SA).) The crux of Nevada's claim is that the prior EISs and thus *the SA* are inadequate for evaluating the current risks to Nevada and the Government needs to perform a supplemental EIS to comply with the National Environmental Protection Act of 1969 ("NEPA"), 42 U.S.C. 432 *et seq.* and other applicable regulations. (ECF No. 1 at 5, 9, 14–15; ECF No. 34 at 12–13.) The Complaint particularly asserts claims for: (1) violation of NEPA; (2) violation of implementing regulations of the Council of Environmental Quality, 40 CFR § 1502.9(c)(1); and (3) violation of DOE's NEPA regulations, 10 CFR § 1021.314(a). (ECF No. 1 at 4, 17–18.)

      In the PI Motion Nevada sought to enjoin any shipment of plutonium from the SRS to NNSS until its claims are decided on the merits. (ECF Nos. 2, 62.) However, on January 30, 2019, after completion of briefing on the PI Motion, the Government submitted a Notice of New Information ("Notice") with a sworn declaration providing that shipment of one-half metric ton of plutonium to Nevada under the Proposed Action had been completed prior to November 2018—the month in which Nevada filed this lawsuit. (ECF Nos. 56, 56-1.) In response to the Court's minute order for status report, the Government affirmed that no more plutonium will be shipped to NNSS as part of the SA's Proposed Action. (ECF No. 58 at 2.) The Government informed that all other shipments of plutonium under the SA's Proposed Action "are going elsewhere." (*Id.*) The Government has reaffirmed this information per declaration of Bruce M. Diamond, General Counsel for the NNSA, in response to the PI Appeal Motion. (ECF No. 74-1.)

///

///

Considering these facts, the Court finds the relief requested in the PI Appeal Motion is moot. Here, Nevada specifically seeks to enjoin pending appeal *any further* shipments of plutonium contemplated in the very SA which the Government has affirmed will no longer serve as the basis for any further shipments. To be clear, this lawsuit is limited to challenging the Proposed Action set forth in the SA, and therefore concerns no other alleged ongoing or potential transport of plutonium in and out of Nevada.[3] The Court therefore disagrees with Nevada that the action cannot be moot. (ECF No. 76 at 3.)

The Court specifically finds contrary to Nevada's contention that the Government's attestation is tantamount to voluntary cessation of wrongdoing and is therefore unlikely to moot the need for injunction. (*Id.*) The essence of "voluntary cessation" is that a defendant's alleged wrongful conduct is *not necessarily moot* if the challenged conduct— though ceased—*could recur*. *See, e.g., Knox v. Service Emps. Intern, Local 1000*, 567 U.S. 298, 307 (2012) (internal citation omitted) ("The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed. And here, since the union continues to defend the legality of the Political Fight–Back fee, it is not clear why the union would necessarily refrain from collecting similar fees in the future."); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000) (citing *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)) ( "A case might become moot if subsequent events make it absolutely clear that

///

---

[3]At points in the PI Appeal Motion, Nevada uses broad language that could suggests that Nevada seeks a broad injunction to prevent the Government from generally shipping any more plutonium to the state. *See, e.g.*, ECF No. 69 at 3 ("Nevada therefore requests that the Court issue an injunction pending appeal, enjoining the DOE from shipping any plutonium to Nevada while the State's preliminary injunction appeal is pending."); *id.* at 5 ("No more plutonium should pass through Nevada's largest city until [Nevada's] appeal is decided."). However, Nevada confirmed in its reply that the preliminary injunction it presently seeks is limited to further shipments of plutonium contemplated *by the SA*. (ECF No. 76 at 6.) Further, the Court recognizes that the likelihood that the Government could ship plutonium to Nevada under some other plan— not the SA—is of no import here. Nor would this Court have authority to consider a broader preliminary injunction beyond the claims asserted in the Complaint pertaining only to the SA.

the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to recur lies with the party asserting mootness."). Nevada's voluntary cessation argument is inapplicable here for multiple reasons.

First, in addition to the Government informing that no further shipments to Nevada will be made under the SA, the narrow "wrongful" act of which Nevada is chiefly concerned—shipment of plutonium to NNSS under the SA—has already occurred. As a practical matter, the plutonium that is already at NNSS would need to be returned from whence it came for the wrongful act to "recur." And even then, that the Government has already shipped plutonium to Nevada under the SA cannot be undone—thus supporting a conclusion that the PI Appeal Motion is moot. *See, e.g., Friends of The Earth, Inc. v. Bergland ("Bergland")*, 576 F.2d 1377, 1379 (9th Cir. 1978) ("Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot.").

Further, the Court is persuaded that no further shipments to NNSS under the Proposed Plan can reasonably be expected to occur considering the key drivers of this case—an order issued by the U.S. District Court for the District of South Carolina ("Order")[4] and the SA. This is because the Government clarifies that as to Nevada, *the SA has run its course*. Provided with the Government's affirmation, the Court has no non-speculative ground upon which to conclude that further shipments to Nevada will be made pursuant to the SA.

Notably, the Government has also declared that any other shipments under the SA will go elsewhere. (ECF No. 74-1.) This is a course fully planned for in the SA, as called for by the Order. Compliance with the Order requires only that the Government moves "not less than one metric ton" of the plutonium from SRS "elsewhere." *United States*, 2017 WL 7691885, at *5. The fact that one-half metric ton has already been transported to

///

---

[4]*South Carolina v. United States*, No.: 1:16-cv-00391-JMC, 2017 WL 7691885 (D. S.C. Dec. 20, 2017).

4

Nevada supports—not undermines—the Government's declaration that the remainder will go elsewhere. Relevantly, the NNSS was only one of the possible locations the SA contemplated for receiving shipments of the plutonium from SRS—as indicated, Pantex is another. (ECF No. 27-3 at 9.) For these same reasons, the exception to mootness—that the specific wrongful act is "capable of repetition yet evading review" is inapplicable here. See e.g., Bergland, 576 F.2d at 1379 (citation omitted) (discussing the exception). Within reason and based on the Government's representation, there is unlikely to be further shipments of plutonium to NNSS under the SA. Accordingly, the Court finds that there is no further action—shipment of plutonium to NNSS under the SA—for the Court to preliminarily enjoin and therefore denies the PI Appeal Motion as moot.

It is therefore ordered that Nevada's motion for preliminary injunction pending appeal (ECF No. 69) is denied as moot because there is no relevant impending concrete action, under the SA, by the Government for this Court to enjoin.

It is further ordered that Nevada's motion for a status conference (ECF No. 61) is denied as moot in light of the appeal (ECF No. 65).

It is further ordered that because Intervenor Defendant South Carolina's motion to transfer venue (ECF No. 37) is inextricably related to the matter that is now on appeal, this Court lacks jurisdiction to decide that motion[5] and therefore denies it as moot without prejudice.

It is further ordered that Attorney Robert D. Cook's motion to withdraw as attorney for South Carolina (ECF No. 68) is granted.

DATED THIS 25th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5]There is a general rule that an appeal suspends the power of the court below to proceed further in a case, except to take such steps as will assist the appellate court in its determination. Hovey v. McDonald, 109 U.S. 150, 157 (1883); see Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) ("[T]the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal.").