1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                               * * *
6    STATE OF NEVADA,                      Case No. 3:18-cv-569-MMD-CBC
7                          Plaintiff,                ORDER
8        v.

     UNITED STATES; *et al.*,
9
                         Defendants.
10

11   **I.    INTRODUCTION**

12          Since the Court's last order ("PI Pending Appeal Order") which resolved Plaintiff

13   State of Nevada's motion to enjoin DOE from shipping any plutonium to the Nevada

14   National Security Site ("NNSS") until its appeal of this Court's order denying its request for

15   preliminary injunctive relief ("PI Order") is resolved ("PI Appeal Motion"), the parties have

16   filed several motions. These motions are: (1) South Carolina's motion for clarification

17   (("Motion for Clarification") (ECF Nos. 87, 90 (errata)); (2) South Carolina's renewed

18   motion to transfer (ECF No. 88); (3) the Government's[1] motion for protective order ("Motion

19   for Protective Order") (ECF No. 92); (4) the Government's motion to dismiss ("MTD") (ECF

20   No. 93); (5) Nevada's emergency motion to stay briefing on the MTD (ECF No. 97); (6)

21   Nevada's counter motion for leave to conduct discovery (ECF No. 108); and (7) Nevada's

22   counter motion requiring the Government to file administrative records (ECF No 109).[2] It

23   ///

24   _____

25          [1] Nevada sues the Department of Energy ("DOE"), the United States Secretary of
     Energy, Rick Perry, in his official capacity, and the National Nuclear Security
     Administration ("NNSA") and its administrator, Undersecretary for Nuclear Security, Lisa
26   E. Gordon, in her official capacity. (ECF No. 1 at 4.) These Defendants are collectively
     referred to as "the Government."

27
            [2] The latter two motions were filed on April 29, 2019. The other motions are fully
28   briefed. (ECF Nos. 94, 95, 100, 101 (noticed of corrected image for ECF No. 101), 103,
     98, 111, 106, 110.)

is apparent from the pending motions that a stay pending appeal is warranted. Thus, for the reasons discussed herein, the Court will *sua sponte* impose a stay.

## II.    RELEVANT BACKGROUND

Nevada filed this lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et. seq*, to challenge the Government's proposed action to transport from Savannah River Site ("SRS") in South Carolina one metric ton of defense-grade plutonium for staging at NNSS and/or the Pantex Plant in Carson County, Texas ("Pantex") before shipment to Los Alamos National Laboratory ("LANL") in Los Alamos, New Mexico ("Proposed Action")[3] without a supplemental environmental impact statement ("EIS"). (ECF No. 1; ECF No. 27-3 (DOE/NNSA's Supplement Analysis) at 9, 23.) The Government evaluated safety and security issues relating to the Proposed Action in a DOE/NNSA Supplemental Analysis ("SA"), which relied upon prior EISs concerning these matters. (*See* ECF No. 62 (discussing the SA).) The additional background facts are recited in the Court's order ("PI Order) denying Nevada's motion for preliminary injunction ("PI Motion") and will not be fully recounted here. (ECF No. 62 at 2–3.)

As relevant to the pending motions, the crux of Nevada's claim is that the prior EISs and thus *the SA* are inadequate for evaluating the current risks to Nevada and the Government needs to perform a supplemental EIS to comply with the National Environmental Protection Act of 1969 ("NEPA"), 42 U.S.C. 432 *et seq.* and other applicable regulations. (ECF No. 1 at 5, 9, 14–15; ECF No. 34 at 12–13.) The Complaint particularly asserts claims for: (1) violation of NEPA; (2) violation of implementing regulations of the Council of Environmental Quality, 40 CFR § 1502.9(c)(1); and (3) violation of DOE's NEPA regulations, 10 CFR § 1021.314(a). (ECF No. 1 at 4, 17–18.) Nevada requests declaratory and injunctive relief, including a "declaration and order that the Defendants' actions violate NEPA, and CEQ and DOE implementing regulations" and an "order setting aside and vacating the SA." (*Id.* at 18.)

///

_____

Nevada's PI Motion sought to enjoin any shipment of plutonium from SRS to NNSS until its claims are decided on the merits. (ECF Nos. 2, 62.) The Court subsequently issued the PI Order (ECF No. 62) denying the PI Motion because Nevada failed to show a likelihood of irreparable harm in the absence of preliminary relief and a balance of the equities tip in its favor (*id.* at 5–16.)

In the meantime, after completion of briefing on the PI Motion and before the issuance of the PI Order, the Government submitted a Notice of New Information ("Notice") with a sworn declaration providing that shipment of one-half metric ton of plutonium to Nevada under the Proposed Action had been completed prior to November 2018—the month in which Nevada filed this lawsuit. (ECF Nos. 56, 56-1.) In response to the Court's minute order for status report, the Government affirmed that no more plutonium will be shipped to NNSS as part of the Proposed Action. (ECF No. 58 at 2.) The Government informed that all other shipments of plutonium under the Proposed Action "are going elsewhere." (*Id.*) The Government also reaffirmed this information per declaration of Bruce M. Diamond, General Counsel for the NNSA, in response to the PI Appeal Motion. (ECF No. 74-1.) Based on such representation, the Court denied the latter motion. (ECF No. 77 at 3–5.)

In the same order, the Court also denied South Carolina's motion to transfer venue as moot—but without prejudice, finding that the motion "is inextricably related to the matter that is now on appeal [and thus] this Court lacks jurisdiction to decide that motion[.]" (*Id.* at 5.) South Carolina construes the Court's ruling as "effectively end[ing] the case as moot pending an opinion from the Ninth Circuit" and on this basis sought clarification in response to Nevada's proposed discovery plan. (ECF No. 87 at 2–4.) However, the Court did not find that this case has "effectively ended."

III.    **DISCUSSION**

The parties' filings since the Court issued the PI Pending Appeal Order crystalize the parties' dispute relating to the status of this case in general and to the scope of discovery in particular—whether Nevada is entitled to extra-record discovery. Nevada

3

contends that its appeal of the PI Order is interlocutory and the Court "retains jurisdiction over the merits despite the appeal" which entitles it to proceed with discovery. (ECF No. 95 at 4.) Nevada further argues that it is entitled to discovery beyond the administrative record. (*Id.* at 9.) As noted, South Carolina insists that the case "effectively ended [] as moot" in light of the Court's denial of its motion to transfer and no discovery should be had (ECF No. 87 at 2–4), but any discovery should be limited to the administrative record (ECF No. 89 at 2–3). The Government does not appear to agree with South Carolina as to the status of case or with Nevada as to the scope of discovery. This is evident in the Government's filing of its MTD and of its Motion for Protective Order. In the latter filing, the Government argues that discovery should be limited to the administrative record and extra-record discovery should not be permitted absent a ruling by this Court after full briefing on any motion to conduct discovery.[4] (ECF No. 92 at 6.)

While Nevada takes the position that the Court "retains jurisdiction over the merits," Nevada filed an emergency motion to stay briefing on the Government's MTD until the Ninth Circuit resolves its appeal.[5] (ECF No. 97 at 4–6.) Nevada insists that because the Government raises the same defenses in response to the appeal and in its MTD—standing and mootness—the Court lacks jurisdiction to resolve the MTD. (*Id.*) But Nevada cannot have it both ways—if the case should proceed on the merits to allow Nevada to engage in discovery—then the Government should be permitted to assert threshold challenges to preclude resolution on the merits. Regardless, the Court will stay this case because the

///

///

---

[4] Nevertheless, the Government asserts that "[g]iven the uncertainty caused by the parties' competing schedules, the United States is not planning to file the administrate record until issuance of a scheduling order or other order by this Court." (ECF No. 92 at 5 n.4.) Nevada of course counters that the Government "should immediately lodge the administrative record." (ECF No. 109 at 8.) However, the Government did submit the administrative records. (ECF No. 105.)

[5] Nevada asks in the alternative for an extension of 14 days from the Court's ruling on its emergency motion to respond to the Motion to Dismiss. (ECF No. 97 at 2.) The Court suspended the briefing schedule pending its resolution of Nevada's emergency motion. (ECF No. 99.)

resolution of the MTD may materially affect Nevada's appeal and because a stay would conserve judicial economy and would not be prejudicial.

### A.     Effect of Nevada's Interlocutory Appeal

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Thus, an appeal suspends the power of the court below to proceed further in a case, except to take such steps as will assist the appellate court in its determination. *Hovey v. McDonald*, 109 U.S. 150, 157 (1883); *see Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) ("[T]the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal."). While "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo[,] . . . the [district court] may not materially alter the status of the case on appeal" *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

Like the transfer of venue issue raised in South Carolina's motion to transfer, the issues raised in the Government's MTD are intertwined with the issues raised in Nevada's interlocutory appeal. This is because dismissal of this action will materially alter the status of the appeal, and the parties do not contend this Court has jurisdiction to do so.

The Government argues that the Court is obligated to consider the existence of subject matter jurisdiction. (ECF No. 106 at 4.) The Government is correct that the Court has a duty to determine whether it has subject matter jurisdiction and that jurisdiction may be raised at any time. (*Id.* at 3–4.) However, under the circumstances here where the Government fully participated in the PI Motion proceedings without raising any jurisdictional argument and the Court did not see any, the Court is not required to

///

///

///

///

immediately adjudicate the Government's MTD while Nevada's interlocutory appeal is pending. [6]

**B.    Stay of Action**

Even if Nevada's appeal does not divest the Court of jurisdiction to consider the Government's MTD, the Court finds that a stay is warranted here.

A district court has the inherent power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

These three factors weigh in favor of a temporary stay pending the Ninth Circuit's decision on Nevada's interlocutory appeal. Nevada represents that its appeal is on an accelerated schedule and oral argument will likely be scheduled for August 2019, which is only three months from now. (ECF No. 97 at 2.) The Government does contend otherwise. The same arguments that Nevada offers to support its request to stay the briefing schedule on the Government's MTD—lack of prejudice due to temporary delay

///

---

[6] As Nevada points out, the Government did not move to dismiss for lack of subject matter jurisdiction in response to the Complaint. (ECF No. 110 at 6.) The Government opposed the PI Motion on the merits and filed an Answer to the Complaint. (*Id.*)

(*id.*) and conservation of judicial resources of the Court adjudicating the same issues of standing and mootness raised in the Government's response to Nevada's appeal and the MTD (*id.* at 5; ECF No. 110 at 7–8)—similarly apply to a stay of the action. The Court agrees with Nevada that judicial resources may be conserved given the Government's mootness and standing arguments in response to Nevada's interlocutory appeal. As to prejudice, Nevada has been served with the administrative record (ECF No. 105 at 2) so the stay would not affect normal discovery in this APA case, and any extra-record discovery dispute may be resolved after the stay is lifted. Moreover, fairness compels a full stay as opposed to only a stay of the Government's MTD. The Government should not be hindered in defending this action if Nevada is permitted to prosecute by seeking extra-record discovery.[7]

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

///
///
///
///
///
///
///
///
///
///
///
///
///

---

[7] The Court does not resolve the parties' dispute relating to whether Nevada is entitled to extra-record discovery.

7

that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

For the reasons discussed above, the Court will stay this case pending the Ninth Circuit's decision on Nevada's interlocutory appeal.

It is therefore ordered that South Carolina's motion for clarification (ECF No. 87) is denied as moot.

It is further ordered that Nevada's emergency motion to stay briefing (ECF No. 97) is denied as moot.

It is further ordered that Nevada's counter motion requiring the Government to file the administrative record (ECF No. 109) is denied as moot by the Government's filing of the administrative record (ECF No. 105).

All remaining pending motions (ECF Nos. 88, 92, 93, 108) are denied as moot and without prejudice to the moving parties to request that the motion, if fully briefed, be reinstated, or to filing a renewed motion within 14 days from the Ninth Circuit's decision on Nevada's interlocutory appeal.

DATED THIS 30th day of April 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE